NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HACKENSACK UNIVERSITY MEDICAL CENTER and ERNEST J. SCERBO, M.D., | : : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | Civil Action No. 06-CV-687(DMC) |
| RICHARD LAGNO | : : | |
| Defendant. | : : | |
| RICHARD LAGNO, | : : | |
| Third-Party Plaintiff, | : : | |
| v. | : : | |
| ORION BUS INDUSTRIES, INC. HEALTH BENEFIT PLAN, et al. | : : : | |
| Third-Party Defendants | : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of Plaintiffs Hackensack University Medical Center ("Hackensack") and Ernest J. Scerbo, M.D. ("Scerbo") (collectively "Plaintiffs") to remand the above-captioned action to the Superior Court of New Jersey, Law Division.  No oral argument was heard pursuant to Fed. R. Civ. P. 78.  For the reasons set forth below, Plaintiffs' motion is **granted**.

I.    B<span>ACKGROUND</span>

Plaintiffs provided inpatient hospital and medical services to Marie T. Lagno ("the decedent"), the deceased wife of Defendant Richard Lagno, from August 12, 2001 through November 16, 2001 and on December 15, 2001.  (Comp. ¶ 5).  Hackensack's charges for the services provided to the decedent totaled $1,380,369.61.  (Id. at  ¶6).  Scerbo's charges for the services provided to the decedent totaled $12,200.00.  (Id. at  ¶7).  These bills were submitted to the decedent's health plan, Orion Bus Industries, Inc. ("Orion"), Group Health Plan otherwise known as the "Employee Welfare Benefit Plan" ("Plan").  (Id. at ¶8).  However, Orion refused to pay these bills because it claimed that the services provided were not medically necessary.  (Id.)  Hackensack and Scerbo appealed the denials issued by Orion; however, Orion failed to adjudicate these appeals within the time frame established under 29 C.F.R. § 2560.503.1(I).  These bills were also submitted to the decedent's estate, but to date no payments have been made.  (Id. at  ¶9).

Plaintiffs brought suit against Richard Lagno ("Defendant") in the Superior Court of New Jersey, Law Division, Bergen County, on or about September 22, 2005.  Plaintiffs contend that Defendant Lagno is liable for the reasonable value of the services provided because the decedent died intestate.  (Id. at ¶11,13).  Defendant Lagno filed an Answer and Third-Party Complaint on December 28, 2005, naming Orion, the company which offers the "Employee Welfare Benefit Plan," as a Third-Party Defendant.  (Third-Party Complaint ¶ 1 ("Third. Compl.")).  The Third-Party Complaint also named RMSCO, which "acted as the third-party administrators of the Plan and/or was contracted to provide group health insurance to the beneficiaries and participants of the Plan," (Third. Compl. ¶ 2).  In the First Count of

2

the Third-Party Complaint, Lagno seeks to enforce rights created by Orion's 'Employee Welfare Benefit Plan' ('Plan') and to "seek hospital and physician care benefits relating to the hospital and physician services provided to [the decedent]." pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B)  (Id. at ¶17).  Lagno further alleges that "Third-Party Defendants, [Orion, Plan and RMSCO], violated their duties and obligations under the Plan by failing to pay benefits relating to the services of Hackensack and Scerbo provided to Marie T. Lagno." (Id. at ¶17(a)).    Lagno, in the Second Count of his Third-Party Complaint, seeks indemnification from Third-Party Defendants for any liability incurred in the main case. Third-Party Defendant RMSCO removed the action to this Court on February 15, 2006.

## II.   DISCUSSION

Plaintiffs move to remand this action to state court on the grounds that it was improvidently removed by Third-Party Defendant RMSCO.  Plaintiffs argue that the Court lacks subject matter jurisdiction because third-party defendants are not authorized to remove an action pursuant to 28 U.S.C. § 1441.  Third Party Defendant RMSCO opposes Plaintiffs' motion, arguing that the Court has subject matter jurisdiction under 28 U.S.C. § 1331, and that the motion to remand is a proper procedural maneuver.

### A.    Standard for Remand

Removal of a complaint from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter.  28 U.S.C. §§ 1441(a)-1441(b).  The statute provides:

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Once removed, a case may be remanded to the state court if the court determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). When the propriety of the removal is challenged, the burden is on the defendant to show that removal is proper, and the Court is obligated to "strictly construe the removal statutes against removal and resolve any doubts in favor of remand." Entrekin v. Fisher Scientific, Inc., 146 F. Supp. 2d 594, 604 (D.N.J. 2001) (internal citations omitted).

In this case, the Third-Party Defendant RMSCO argues that this Court would have is a federal claim. However, the removal is not proper on this ground alone because, as discussed further below, there are additional hurdles in removal by a third-party defendant.

**B.     Third-Party Right to Removal**

No uniform rule regarding a third-party defendant's right to remove exists amongst federal courts generally or in the Third Circuit. See Monmouth-Ocean Collection Serv., Inc. v. Klor, 46 F. Supp.2d 385, 388 (D.N.J. 1999). At this time, there are two competing views on whether removal by a third-party defendant is appropriate.

    1.     Majority View

A majority of jurisdictions hold that a third-party defendant may not remove a case to federal court. Patient Care, Inc. v. Freeman, 755 F. Supp. 644, 647 (D.N.J. 1991). This position strictly construes 28 U.S.C. § 1441. The majority of courts read the removal statute as allowing only original defendants to remove an action to federal court. This argument contends that "§ 1441(a) refers only to removal by the defendant or the defendants, and thus,

based on strict construction, removal may not be had under § 1441(a) by third-party defendants." Id. at 648 (internal citations omitted).

The majority view also takes a strict approach to third-party defendant removal pursuant to 28 U.S.C. § 1441(c). Recognizing that while § 1441(c) speaks of the removable claim as being "joined" with a non-removable claim, the majority view reasons that a third-party claim is typically "not joined with, but rather [is] antagonistic to the plaintiff's." Id. at 647 (quoting Thomas v. Shelton, 740 F.2d 478, 486 (7th Cir. 1984)). Thus, under this view "only claims brought by the plaintiff against the original defendant, and not third-party claims, may be removed under that section." Id. at 648. Furthermore, proponents of the majority view reason that where a defendant files a counterclaim against a plaintiff, a plaintiff may not remove the action; and therefore, there is no coherent reason "for denying the privilege of removal to a plaintiff, but granting it to a third-party defendant" and "there is no evidence that Congress . . . has adopted such a theory." Id. at 648. (quoting Share v. Sears, Roebuck & Co., 550 F. Supp. 1107, 1109 (E.D. Pa. 1982)).

The majority view also advances two policy arguments against third-party defendant removal. First, it is argued that it would be "rather drastic to force the plaintiff, whose choice of forum normally should be honored, to litigate in a federal court that he did not choose and one to which his adversary originally could not have removed." Patient Care, Inc., 755 F. Supp. at 648 (quoting Lowe's of Montgomery, Inc. v. Smith, 432 F. Supp. 1008, 1010 (M.D. Ala. 1977). "It seems anomalous to allow a party, whose jurisdictional attributes are irrelevant to the main claim, to remove the entire suit to another court." Patient Care, Inc., 755 F. Supp. at 648 (quoting Burlingham Underwood, Barron, Wright & White v.

5

Luckenbach S.S. Co., 208 F. Supp. 544, 547 (S.D.N.Y. 1962)).   Second, federalist considerations support the majority view.   "[A]llowing removal by a third-party defendant brings into a federal court a suit between the original parties which has no independent basis for federal jurisdiction."   Patient Care, Inc., 755 F. Supp. at 648 (quoting Thomas, 740 F.2d at 486).

        2.     Minority View

A minority of courts hold that third-party defendants have the right to remove a case from state to federal court.  These courts reason that "[c]onstruing § 1441(c) to include only claims joined by the plaintiff inserts qualifying language into the statute not placed there by Congress." Patient Care, Inc., 755 F. Supp. at 649 (quoting Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc., 563 F. Supp. 1108, 1112 (N.D. Ill. 1983)).  Furthermore, this position contends that removal is proper because unlike the plaintiff/counter-defendant seeking removal, a third-party defendant "has never voluntarily submitted itself to the jurisdiction of the state court." Patient Care, Inc., 755 F. Supp. at 649 (quoting Ford Motor Credit Co., 563 F. Supp. at 1113).  The argument contends:

> [a third-party defendant] was dragged into state court by service of process the same way that any other  "defendant" is brought into court . . . [It] is as much a defendant as if the case had been originally brought against it.  [It] has been sued in the only meaningful sense of the word - it has been haled into court involuntarily and must defend an action for relief against it.

Patient Care, Inc., 755 F. Supp. at 649 (quoting Ford Motor Credit Co., 563 F. Supp. at 1113).  Thus, the minority view articulates a "coherent reason minority view articulates a strong reason for allowing third-party defendants, but not plaintiffs, to remove actions to federal court." Parient Care, Inc., 755 F. Supp. at 649.

6

In regard to policy considerations, proponents of third-party defendant removal argue that "denying removal to protect the plaintiff's choice of forum simply overlooks the third-party defendant's equally important interest in having the federal claim against it heard in federal court."  Id. (quoting Thomas, 740 F.2d at 490-91).  "To adopt an inflexible rule barring removal by third-party defendants would have the curious effect of making a litigant's right to have a claim heard in a federal forum turn on the fortuity of being sued in a third-party complaint rather than in a separate action."  Thompson v. Wheeler, 898 F.2d 406, 409 (3d Cir. 1990) (quoting Mignogna v. Sair Aviation, Inc., 679 F. Supp. 184, 188 (N.D.N.Y. 1988)).

        3.      Common Ground: Removal of "Separate and Independent" Claims

The common ground between these two views is that removal should only be allowed for claims that are, in the language of § 1441(c), "separate and independent" from the main cause of action.  Patient Care, Inc., 755 F. Supp. at 650.  If the main cause of action and third-party claim are interdependent, then remanding the former to state court will potentially subject a party to inconsistent judgments in state and federal courts.  Id. at 651.

As to indemnification claims, removal is proper "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions" and "there is no separate and independent claim or cause of action under § 1441(c)."  Id. at 651 (citing Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 14 (1951).  The Patient Care, Inc. court determined that regardless of whether the claim was for indemnification as between joint tortfeasors or for indemnification based on a separate contractual obligation, "the right to indemnification is wholly dependent on the judgment being awarded against the defendant."

Patient Care, Inc., 755 F. Supp. at 651.  That court concluded that severance and removal of a claim for indemnification based on a contractual obligation is improper because "the third-party defendant would not be bound by any judgment in the state court finding the defendant/third-party plaintiff liable to the plaintiff for an indemnifiable injury."  Id.  The court reasoned that allowing removal and severance of a claim for indemnification could result in inconsistent judgments.  Id.

As to ERISA claims, courts have also held that "a beneficiary's third-party ERISA claim against an insurer to indemnify against a possible judgment in a suit to recover medical expenses from the beneficiary is not 'separate and independent' from the main cause of action" and as a result not proper for removal.  Id. at 650 (citing Sunny Acres Skilled Nursing v. Williams, 731 F. Supp. 1323, 1327 (N.D. Ohio 1990); Baldwin Country E. Shore Hosp. Bd., Inc. v. Windham, 706 F. Supp. 38 (S.D. Ala.1989); Univ. of Chicago Hosp. & Med. Ctr. v. Rivers, 701 F. Supp. 647, 648-49 (N.D. Ill. 1988).

Following this reasoning, removal in this case is proper only if the claim against the third-party defendant does not arise from the same "interlocked series of transactions" or alleged wrong to the plaintiff.  This Court will deny remand only if the claim against the third-party defendant is not a separate and independent claim.

III.   ANALYSIS

A.     **Third-Party Removal is Not Precluded**

While removal statutes are to be narrowly construed, the evolution of the current removal statute reveals that Congress did not intend to preclude removal by third-party defendants in all possible scenarios.  "During the period from 1875 to 1887 [the] statute

8

governing removals, specifically gave 'either party' to the suit the privilege of removal.  At all other periods since the adoption of the Judiciary Act of 1789 the statutes governing removals have in terms given the privilege of removal to 'defendants' alone" with few exceptions.  <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 105 (1941).  This history suggests that Congress's intent in amending the removal statute was to preclude a plaintiff or third-party plaintiff from exercising a right to removal, but not to preclude a defendant or third-party defendant from doing so.

Moreover, the "well-pleaded complaint" rule does not limit federal jurisdiction to the initial complaint.  Instead the statute requires only that a federal question be presented on the face of "a properly pleaded complaint."  <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386 (1987).  Congress could have inserted a qualifying phrase, such as initial complaint, to limit the jurisdiction of federal courts; however, it did not elect to do so.  As a result, federal courts should not be denied jurisdiction over third-party complaints raising federal issues.

Additionally, any analogy between removal of a counterclaim against a plaintiff and a third-party complaint against a third-party defendant is misguided.  "The plaintiff, by filing the original suit, [submits] himself voluntarily to the jurisdiction of the state court and hence [does] not qualify as a defendant."  <u>Ford Motor Credit Co.</u>, 563 F. Supp. at 1113.  Unlike a plaintiff, a third-party defendant "never voluntarily submitted itself to the jurisdiction of the state court."  <u>Id.</u>  "It was dragged into state court by service of process the same way that any other 'defendant' is brought into state court."  <u>Id.</u>  This result is in accord with the statutory language, stating that a claim only needs to be "separate and independent" in order to qualify for removal, which in this case is a third-party action.  <u>Id.</u>  (citing 28 U.S.C. § 1441(c)).  A

counterclaim against a plaintiff who already made a decision regarding forum is not analogous to a third-party defendant who never had the option to exercise his right to elect between a state or federal forum as a result of being unwillingly forced into court in the capacity of a defendant.

The statutory language does not prohibit a third-party defendant from exercising the right to removal and thus, a third-party defendant may remove a claim against him to federal court so long as the claim is "separate and independent" from the main cause of action. Patient Care, Inc., 755 F. Supp. at 650.  While courts are not at liberty to insert qualifying language into a statute where Congress has not, 755 F. Supp. at 649, it is proper for this Court to consider the history of the removal statute as well as practical and equitable considerations.  "[R]emovability under 28 U.S.C. § 1441(c) cannot rationally be made to depend on the accident of who sues first, or the niceties of state pleading and practice." Bond v. Doig, 433 F. Supp. 243, 247 (D.N.J. 1977).  Thus, this Court declines to adopt a rule that will potentially deprive a party unwillingly haled into court of the rights afforded and owed to parties in similar positions.

**B.**     **Joinder of "Separate and Independent Claims" Pursuant to 28 U.S.C. § 1441(c)**

Removal pursuant to 28 U.S.C. 1441(c) is allowable "whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action." Here, the third-party defendants contend that removal is appropriate because the indemnification and ERISA claims are "separate and independent" from Plaintiffs' main

cause of action.  While this Court agrees that the claims against the Third-Party Defendants in this case are joined with the main claims in this action, this Court disagrees that the indemnification and ERISA claims against Third-Party Defendants are "separate and independent."

**C.      The Indemnification Claim is Not "Separate and Independent"**

Defendant's claim for indemnification by way of a Third-Party Complaint is not "separate and independent" from the main cause of action.   A third-party claim for indemnification is not "separate and independent" and therefore, is not removable.  Patient Care, Inc., 755 F. Supp. at 652.  A claim for indemnity is a claim that "should the defendant (third-party plaintiff) be held liable to the plaintiff, the third-party defendant must reimburse the defendant for the cost of satisfying the plaintiff's judgment."  First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 465 (6th Cir. 2002) (quoting Thomas, 740 F.2d at 486).  The Second Count of Defendant's Third-Party Complaint states:

> [w]hile denying any allegations of Hackensack and Scerbo, if any liability is established upon Defendant, any such liability is secondary only and he alleges that primary liability is that of Third-Party Defendants, Orion Bus Industries, Inc., Health Care Benefits Plan and RMSCO, and Defendant is therefore entitled to common law indemnification from Third-Party Defendants, Orion Bus Industries, Inc., Health Care Benefits Plan and RMSCO.

(Third-Party Complaint ¶ 2).  This is an express claim for indemnification.  If this claim were allowed to be removed and potentially severed from state law claims, inconsistent judgments could result. Therefore, the Third-Party Claim for indemnification is not removable.

11

**D.      The ERISA Claim is Not "Separate and Independent"**

An ERISA claim, over which state and federal courts have concurrent jurisdiction, is not removable if it is not "separate and independent" from the main cause of action. A claim is not "separate an independent" under § 1441(c) "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions." Finn, 341 U.S. at 14. Similarly, "[w]here recovery in the allegedly removable claim is dependent on the result in the non-removable claim, the claims are not 'separate and independent' within the meaning of § 1441(c)." Ford Motor Credit, 563 F. Supp. at 1111.

This Court concludes that where a claim would be removable if sued upon alone in a "separate and independent" action, it is nevertheless not removable where it is interlocked and related to the non-removable claim(s) in such a manner that removal could ultimately result in inconsistent judgments if the claims were adjudicated in separate forums. The circumstances in this case are similar to those in University of Chicago Hosp. & Medical Center v. Rivers. 701 F. Supp. 647. In that case the court reasoned that:

> [t]he ERISA claim in this case is not 'separate and independent' from the non-removable claims. All of the claims relate to the [hospital's] failure to receive compensation for the services it rendered to [its patient]. The [hospital] blames [the patient], who in turn blames . . . third-party defendants. Although the claims may be "separate" and involve different legal causes of action and different legal wrongs in a narrow sense, all of the claims are interrelated.

Id. at 649. Here, Defendant's Third-Party Complaint states that "[b]ecause of Defendant's participant status, he has standing to bring this cause under 29 U.S.C. § 1132(a)(1)(B) to enforce rights created by the Plan and to seek hospital and physician care benefits relating to the hospital and physician services provided to Marie T. Lagno."   (Third. Compl. ¶ 17).

12

Furthermore, Defendant declares that "Third-Party Defendants, [Orion, Plan and RMSCO], violated their duties and obligations under the Plan by failing to pay benefits relating to the services of Hackensack and Scerbo provided to Marie T. Lagno." (Third. Compl. ¶ 17(a)). In the instant case, what purports to be an ERISA claim to enforce rights and duties owed under the Plan is essentially a claim for reimbursement for the payments owed as a result of the services rendered to the decedent. The ERISA claim is essentially a claim for indemnification and as a result, removal would be improper.

Additionally, remand is proper because state and federal courts have concurrent jurisdiction over the federal claim. The statute provides:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this title brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 101(f)(1). State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

29 U.S.C. § 1132(e)(1). Furthermore, "[d]oubt as to the propriety of removal [should be] resolved in favor of remand." Monmouth-Ocean Collection Serv., 48 F. Supp. 2d at 387. The New Jersey Superior Court is of competent jurisdiction to adjudicate the claims herein and thus, the action is remanded.

## IV.   CONCLUSION

For the reasons stated above, it is the decision of the this Court that Plaintiffs' motion to remand is **granted**. An appropriate Order accompanies this Opinion.

  S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:          November  3 , 2006
Orig.:         Clerk
cc:            Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File

13